FILED
CLERK, U.S. DISTRICT COURT
05/07/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: DVE DEPUTY

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
NANDOR F.R. KISS (Cal. Bar No. 299954)
MICHAEL G. WHEAT (Cal. Bar No. 118598)
Assistant United States Attorney
Orange County Office
8000 United States Courthouse
411 West Fourth Street
Santa Ana, California 92701
Telephone: (714) 338-3539
E-mail: nandor.kiss@usdoj.gov
michael.wheat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRENDA LEE BROWN ARMSTRONG,<br>Defendant. | No. 2:26-cr-00284-MCS<br><br>PLEA AGREEMENT FOR DEFENDANT BRENDA LEE BROWN ARMSTRONG<br><br>[52 U.S.C. § 10307(c)] |

1. This constitutes the plea agreement between BRENDA LEE BROWN ARMSTRONG ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the investigation of voter registration crimes in Southern California. This Agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this Agreement as Exhibit "A" or a substantially similar form, which charges defendant with Paying Another Person to Register to Vote, in violation of 52 U.S.C. § 10307(c).

b. Not contest facts agreed to in this Agreement.

c. Abide by all agreements regarding sentencing contained in this Agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this Agreement.

b. Abide by all agreements regarding sentencing contained in this Agreement.

c. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for potential violations of 52 U.S.C. §§ 10307, 20511, 21144 or 18 U.S.C. §§ 371, 1341, 1343, or 1349 which may arise out of defendant's conduct described in the agreed-to Factual Basis set forth below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this Agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

**NATURE OF THE OFFENSES**

4. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Paying or Offering to Pay Another Person to Register to Vote, in violation of Title 52, United States Code, Section 10307(c), the following must be true: (1) the defendant paid, or offered to pay, another person to register to vote in a federal election; and (2) defendant did so knowingly and willfully.

**PENALTIES**

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 52, United States Code, Section 10307(c), is as follows: five years imprisonment; a three-year period of supervised release; a fine of $10,000; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

**FACTUAL BASIS**

9. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

a. For the past approximately twenty years, defendant has worked periodically as a "petition circulator." In that role, she was paid either directly or through her boyfriend by several individuals and entities, known as "coordinators," to collect voter signatures on official petitions that qualify initiatives, referendums, and recalls for state ballots. During this time, defendant would travel throughout the Central District of California, and

elsewhere, to find registered voters to sign the petitions. After gathering enough signatures, defendant would return the petitions to her coordinators, who would then pay defendant a set amount for each registered voter's signature. The amount she was paid varied depending on the specific ballot initiative. Because her coordinators would only pay for signatures attributable to registered voters, defendant would endeavor to ensure the people who signed her petitions were registered.

b. One place defendant would occasionally solicit petition signatures was the Skid Row neighborhood in Downtown Los Angeles, California. There, she would solicit individuals to sign her petitions, many of whom were homeless. Skid Row was a convenient place to collect signatures because there was a high concentration of people in a relatively small area, and they were willing to sign petitions in exchange for payment. Defendant would regularly pay and offer to pay individuals cash, usually in amounts between $2.00 to $3.00, to induce them to sign her petitions. She would also offer other incentives for signatures, including giving out cigarettes, and phone cords.

c. While Skid Row offered a high-density location to collect petition signatures, many of the homeless people were not registered to vote in California, or at all. As a result, when defendant submitted signed petitions to her coordinators, the coordinators would

only pay defendant for only a limited portion of the signatures she gathered.

d. In order to address this, starting no later than 2025, defendant began explaining to the individuals signing her petitions that they needed to be registered to vote. Before going to Skid Row, defendant would gather a stack of voter registration forms from the Los Angeles County Registrar of Voters. Then, when she encountered an individual, she would offer payment, not only to sign her petitions, but also to complete a voter registration form if they were not already registered to vote. Some homeless individuals did not have an address to put on the forms. On at least several occasions, defendant provided a homeless individual with her own former address in Los Angeles so that they had something to write on the registration form.

e. These registration forms, if or when submitted to the registrar, would simultaneously register an individual to vote in both state and federal elections, including elections held for the purpose of electing candidates to federal office. Because California automatically sends a vote-by-mail ballot to every registered voter, this also meant ballots in some homeless individuals' names could have the potential to be sent to defendant's former residence where the individual did not live or collect mail.

f. On or about January 30, 2026, as part of her ongoing scheme, defendant knowingly and willfully paid

another person to register to vote. Defendant paid the person for the purpose of causing that person to register to vote in federal elections.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| **Base Offense Level:** | 6 | U.S.S.G. § 2H2.1(a)(3) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or Criminal History Category under the Sentencing Guidelines.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

**WAIVER OF CONSTITUTIONAL RIGHTS**

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel - and if necessary have the Court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the Court appoint counsel - at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

**WAIVER OF APPEAL OF CONVICTION**

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

**LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE**

16. Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 4 and a Criminal History Category determined by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence except the Criminal History Category determined by the Court; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

**WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS**

18. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

**RESULT OF WITHDRAWAL OF GUILTY PLEA**

19. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

**EFFECTIVE DATE OF AGREEMENT**

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

**BREACH OF AGREEMENT**

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

**COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES**

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to

maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

**NO ADDITIONAL AGREEMENTS**

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

27. The parties agree that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD W. BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States
Attorney

NANDOR F.R. KISS
MICHAEL G. WHEAT
Assistant United States Attorney

May 6, 2026
Date

BRENDA LEE BROWN ARMSTRONG
Defendant

May 5, 2026
Date

KELLEY LANE MUNOZ
Attorney for Defendant BRENDA LEE
BROWN ARMSTRONG

5-5-26
Date

**CERTIFICATION OF DEFENDANT**

I have read this Agreement in its entirety. I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorney.

I understand the terms of this Agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one

has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this Agreement, and not for any other reason.

Brenda Lee Brown Armstrong — May 5, 2026
BRENDA LEE BROWN ARMSTRONG — Date
Defendant

**CERTIFICATION OF DEFENDANT'S ATTORNEY**

I am BRENDA LEE BROWN ARMSTRONG's attorney. I have carefully and thoroughly discussed every part of this Agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this Agreement.

Kelley Lane Munoz — 5-5-26
KELLEY LANE MUNOZ — Date
Deputy Federal Public Defender
Attorney for Defendant

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRENDA LEE BROWN ARMSTRONG, aka "Anika,"<br>Defendant. | No.<br><u>I N F O R M A T I O N</u><br>[52 U.S.C. § 10307(c): Paying Other Person to Register to Vote] |

The United States of America charges

[52 U.S.C. § 10307(c)]

On or about January 30, 2026, in the Central District of California, defendant BRENDA LEE BROWN ARMSTRONG, a.k.a. Anika,

//

//

//

//

knowingly and willfully paid and offered to pay another person to register to vote in a federal election.

TODD W. BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MICHAEL G. WHEAT
NANDOR F.R. KISS
Assistant United States Attorneys
Orange County Office